[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT HOMEQ'S "OBJECTION TO PLAINTIFF'S REVISED COMPLAINT DATED SEPTEMBER 25, 2002"
Defendant Homeq Servicing Corporation ("Homeq") has filed a motion objecting that the complaint the plaintiff filed on September 25, 2002, did not comply with this court's order to revise his February 28, 2002 complaint in some of the respects raised by Homeq's request to revise. Homeq further asserts that the plaintiff has added claims against it that were not stated in the February 28, 2002 complaint and that he did so without filing a request for leave to amend the complaint.
The plaintiff responds that the claims that Homeq regards as new were stated at paragraph 20 of the February complaint, as part of section of that 47-page document that was headed "Parties," and that the plaintiff incorporated paragraph 20 (indeed, that he incorporated paragraphs 1-192) into various parts of the February complaint that were identified as counts one through sixteen.
In ruling on Homeq's request to revise the February complaint and the plaintiffs objections thereto, this court was under the impression that the claims against Homeq were stated only in Counts Nine, Ten, Fifteen and Sixteen. The plaintiff now asserts that its February complaint was misread because the paragraph that defines Homeq as a party also alleges that Homeq "is liable for the wrongful acts committed in the making, performance and enforcement of the home improvement contract." (February 28, 2002 complaint, para. 20.) The court must therefore reassess Homeq's request to revise the February complaint and determine whether the present complaint presents new claims.
The plaintiff revised his complaint on September 25, 2002, to clarify that the allegations of all sixteen counts include the claim that Homeq is liable as to all those counts on the basis, stated in paragraph 20, that Homeq, as assignee and current holder of the retail installment contract and mortgage CT Page 582
 is liable for the wrongful acts committed by the Community Remodeling defendants in the making, performance, and enforcement of the home improvement contract and subsequent retail installment sales contract by virtue of . . . (d) the express terms of the retail installment contract . . . and (e) [o]peration of law, including: the Federal Trade Commission's Rule Concerning the Preservation of Consumer's Claims and Defenses ("FTC Holder Rule"), 16 C.F.R. § 433 (authorized by 15 U.S.C. § 41, et seq.) the Federal and State Truth-in-Lending Acts, 15 U.S.C. § 1641 ("Liability of Assignees") and Conn. Gen. Stat. § 36a-683; and the Connecticut law concerning the preservation of consumer defenses against holders in due (sic) of instruments in consumer goods credit transactions, Conn. Gen. Stat. § 52-572g.
Homeq's original request to revise was based on the claim that the plaintiff had failed to state his claims against Homeq in separate counts. The September 2002 complaint in fact separates the various claims against Homeq into separate counts. Homeq is not the only defendant named in these counts; however, the rules of pleading do not require that if the same claim based on the same facts is alleged against multiple defendants, the claim against each must be set forth in a count separate from those against the others. See Practice Book §§ 10-1, 10-35. Homeq correctly observed in its request to revise, however, that in Counts Ten, Fifteen and Sixteen, in which the plaintiff has alleged violation of the rescission provisions of the Truth-In-Lending Act, "Civil Conspiracy" and a violation of the Connecticut Unfair Trade Practices Act, respectively, the incorporation of paragraph 20 means that each of these counts contains two discrete claims against Homeq: first, a violation by Homeq itself and second, liability as an assignee for the alleged violations of other defendants. These claims, which were re-alleged in the September 2002 complaint, should be stated in separate counts, as Homeq is entitled to move to strike one or the other of the paired claims.
The court further notes that following the count that immediately follows the thirteenth count in the September complaint is designated as the tenth count, a misnumbering that should be rectified.
Conclusion
The court overrules the plaintiffs objection to separation of its claims against Homeq into separate counts, and orders that the plaintiff revise Counts Ten, Fifteen and Sixteen so that each states only one claim, and so that the additional claims of assignee liability are stated CT Page 583 in separate counts, clearly and correctly numbered. The plaintiff shall file his revised complaint by January 31, 2002. The court otherwise overrules Homeq's objection to the filing of the September complaint.
 ___________________ Beverly J. Hodgson Date Judge of the Superior Court
CT Page 584